NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CLIFFORD ALLEN BRACE, Jr., | No. 19-56463 |
| Debtor, | D.C. No. 5:19-cv-00290-JGB |
| CLIFFORD ALLEN BRACE, Jr., | |
| Appellant, | MEMORANDUM* |
| v. | |
| STEVEN M. SPEIER, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted November 18, 2020**

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Clifford Brace appeals the district court's order affirming the bankruptcy court's emergency order requiring turnover of real property to the Chapter 7 Trustee Steven Speier. The facts are known to the parties, so we repeat them only as necessary to explain our decision.

## I

We need not reach the merits of this case because Brace forfeited his right to appeal the bankruptcy court's order due to his absence at the motion hearing. "[A]ttendance and objection are not prudential standing requirements in bankruptcy cases, but rather relate to whether a party has waived or forfeited its right to appeal a given order of the bankruptcy court." *In re Wrightwood Guest Ranch, LLC*, 896 F.3d 1109, 1113 (9th Cir. 2018).

## II

The district court also correctly affirmed on the merits.

### A

Undisputed facts in the record show the bankruptcy court did not abuse its discretion in finding the notice requirements were met. Trustee's counsel complied with the telephonic notice requirement and service requirements. L.B.R. 9075-1(a)(5)–(6). Trustee called, emailed, and mailed Brace, his counsel, and his former counsel. The bankruptcy court's finding was not "illogical, implausible, or without support . . . in the record." *In re Taylor*, 599 F.3d 880, 888 (9th Cir. 2010).

B

Brace's challenge to the bankruptcy court's subject-matter jurisdiction is meritless. Brace claims that the property at issue is the property of his late mother's probate estate. Probate and the administration of a decedent's estate are typically reserved to state probate courts. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). But the property at issue here was stipulated to be part of the bankruptcy estate when the court entered the order approving the settlement agreement. The probate exception "does not bar federal courts from adjudicating matters . . . otherwise within federal jurisdiction." *Marshall*, 546 U.S. at 296. Further, Brace had "a fair chance to challenge the Bankruptcy Court's subject-matter jurisdiction" when it entered the order approving settlement, so he "cannot challenge it now by resisting enforcement." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 129 (2009).

C

Brace's objections to the bankruptcy court's language contemplating contempt are unripe. Brace argues that the emergency order is vague as to how he might purge possible contempt. Even if it were vague, the order stated only that the court may deem non-compliance to be contempt; it did not find Brace in contempt. As such, Brace shows no "realistic danger of sustaining a direct injury." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000).

**AFFIRMED.**